Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6656 | **DATE** | 8/16/2002 |
| **CASE TITLE** | USA ex. rel. WILLIE HAROLD YATES vs. JONATHON WALLS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Petition for writ of habeas corpus is denied. [1-1]. This case is dismissed. This is a final and appealable order. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK'S OFFICE | | |
| CG | courtroom deputy's initials | 02 AUG 19 AM 9:20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**AUG 2 0 2002**

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. WILLIE HAROLD YATES, | ) ) ) |
| Petitioner, | ) ) No. 01 C 6656 |
| v. | ) ) Judge Ronald A. Guzmán |
| JONATHON WALLS, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Willie Harold Yates ("Yates") was convicted of one count of armed robbery on February 10, 1997 and was sentenced to twenty-eight years in prison. After sentencing, Yates filed a series of motions in state court seeking either to have his conviction reversed or to have his sentence reduced. Petitioner has exhausted all state appeals. Yates now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that each claim is either procedurally defaulted or noncognizable for purposes of federal habeas review. For the reasons stated below, the petition for writ of habeas corpus is denied and the matter dismissed.

## BACKGROUND FACTS

The facts are taken from the Illinois Court's Appellate Order of August 26, 1998.[1] At about 1:30 a.m. on February 14, 1996, Yates and night manager Rina Akel ("Akel") were the last

---

[1] When considering a habeas corpus petition the Court presumes that the factual determinations of the state court are correct. 28 U.S.C. § 2254; *see Biskup v. McCaughtry,* 20 F.3d 245, 248 (7th Cir. 1994).

employees present at a Checker's restaurant at 3711 North Western Avenue in Chicago. Yates was finishing his duties while Akel was completing paperwork and preparing the night deposit. Yates left, but returned shortly thereafter, making a motion to Akel through the locked door that he had forgotten his hat. Akel left Yates back in and returned to her work. Yates then picked up a large serrated knife, put the knife to Akel's throat and demanded the money. After Akel placed around $4,700 in the Yates's duffel bag, Yates instructed her to go into the bathroom. Akel left the bathroom five minutes later, found Yates was gone, and summoned the police.

Yates was arrested several days later. After his arrest, Yates gave an oral statement to the police and an Assistant State's Attorney confessing to using a knife to rob Akel of $700. Yates further stated that he had spent the robbery proceeds on drugs and food in the three days following the robbery while staying at a hotel with a woman named Donna. A jury subsequently found Yates guilty of armed robbery.

At sentencing defense counsel argued in mitigation that (1) Yates had never gone an extended time without employment, (2) he had been in a long relationship and marriage that had been compromised as a result of an alleged affair and (3) Yates had a drug problem for which he sought treatment. The State presented the court with a certified copy of Yates' 1977 involuntary manslaughter conviction. The court then sentenced Yates to twenty-eight years imprisonment in the Illinois Department of Corrections.

On direct appeal, petitioner argued that his twenty-eight year sentence was excessive and constituted an abuse of discretion because the sentence did not balance the dual purposes of retribution and rehabilitation. On June 26, 1998, the Illinois Appellate court rejected petitioner's argument and affirmed his conviction and sentence.

Yates then petitioned the Illinois Supreme Court for leave to appeal, arguing that the

Illinois Appellate Court should have remanded the case based on a plain error analysis finding that the trial court failed to make a comparative analysis and to consider the individuality of petitioner's case in sentencing. On February 2, 2000, the Illinois Supreme Court denied Yates' petition for leave to appeal.

Yates further petitioned for post-conviction relief in the Circuit Court of Cook County. He alleged that (1) the trial court erred in failing to set forth the factors it considered in sentencing, (2) the trial court failed to consider his eligibility for treatment as an addict (3) prosecutorial misconduct during cross-examination and argument, and (4) ineffective assistance of appellate counsel for failure to raise these issues on direct appeal. On November 17, 1999, the Circuit Court of Cook County summarily dismissed the petition for post-conviction relief.

Upon appeal of his petition for post-conviction relief to the Illinois Appellate Court, First District, petitioner's appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 109 S.Ct. 1990 (1987), arguing that the record presented no issues of arguable merit for appeal. The petitioner responded by filing a memorandum of law objecting to counsel's motion to withdraw by renewing his arguments from his post-conviction petition. The Illinois Appellate Court granted counsel's *Finley* motion, holding that petitioner's issues were either without merit, outside the purview of the Post-Conviction Hearing Act, or barred by the principles of waiver and *res judicata*.

Yates then petitioned the Illinois Supreme Court for leave to appeal the appellate court's grant of the *Finley* motion. The Illinois Supreme Court denied the petition for leave to appeal on April 4, 2001.

Petitioner properly filed the petition for writ of habeas corpus with this court on August 27, 2001. Yates presents eight reasons why a writ of habeas corpus should be issued. Petitioner

argues on the following grounds: (1) the trial court abused its discretion in sentencing petitioner by failing to set forth the factors it considered; (2) the trial court abused its discretion by failing to have a licensed drug programmer evaluate Petitioner prior to sentencing; (3) the trial court erred by allowing prosecutorial misconduct in cross-examination and argument; (4) ineffective assistance of trial counsel; (5) trial court incompetence prior to conviction and sentencing; (6) the trial court erred for failing to instruct the jury on a lesser offense; (7) ineffective assistance of appellate counsel; (8) perjured testimony by a state's witness.

Respondent argues that petitioner's claims raised in his petition for writ of habeas corpus are either procedurally defaulted or non-cognizable for purposes of federal habeas review and asks that the Court deny petitioner's habeas corpus petition in its entirety.

Of the eight issues raised by petitioner, issues 1, 2, 3, and 7 were raised in his petition for post-conviction relief. Issues 4, 5, 6, and 8 were first raised in the petition for habeas relief and were not presented to the state courts on direct appeal or post-conviction review.

## DISCUSSION

Yates filed this habeas corpus petition on August 27, 2001, and therefore it is governed by the amendments to 28 U.S.C. § 2254. Before we address the merits of these claims we must first determine whether Yates' federal claims are properly before us. Yates is not entitled to federal habeas relief unless he exhausted all available state remedies and fairly presented his constitutional claims to the state courts. *Momient-El v. De Tella,* 118 F. 3d 535, 538 (7th Cir. 1997). This requirement is "grounded in principles of comity; in federal system, the states should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). If Yates fails to satisfy these requirements, the petition is barred either for a failure to exhaust state remedies or for procedural

default. *Bocian v. Godinez,* 101 F.3d 465, 468 (7th Cir. 1996). The state concedes that Yates has exhausted his state remedies, but argues that Yates claims are procedurally defaulted. Accordingly, the threshold inquiry is whether any of Yates claims are barred from habeas review due to procedural default. *See Moore v. Parke,* 148 F.3d 705, 708 (7th Cir. 1998).

The procedural default inquiry focuses on whether the petitioner's federal claims were "fairly presented" to the state courts. *Verdin v. O'Leary,* 972 F. 2d 1467, 1474 (7th Cir. 1992). "A petitioner presents his claims fully 'by pursuing all available avenues of relief provided by the state before turning to the federal courts.'" *Rodriguez v. Scillia,* 193 F.3d 913, 916 (7th Cir. 1999) (quoting *Kurzawa v. Jordan,* 146 F.3d 435, 440 (7th Cir. 1998)). A procedural default occurs when (1) the petition fails to raise an issue on direct or post- conviction review, or (2) the state court has disposed of the claim on an independent and adequate state law grounds. *See Rodriguez,* 63 F.3d at 555; *see also Coleman,* 501 U.S. at 729. Notwithstanding a procedural default, habeas review may still be available if the petitioner can show good cause for the default and actual prejudice resulting therefrom, or demonstrate that the failure to consider the respective claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750.

Petitioner raises eight issues in his petition for writ of habeas corpus. However, petitioner failed to raise four of the eight issues, (4) ineffective assistance of trial counsel, (5) trial court incompetence prior to conviction and sentencing, (6) trial court error for failing to instruct the jury on a lesser offense, and (8) perjured testimony by a state's witness, in state court at the appropriate time in order to preserve state judicial review of such issues. Since procedural default "occurs when a claim could have been brought but was not presented to the state court and cannot, at the time the federal court reviews the habeas petition, be presented to the state court," *Resnover v. Pearson,* 965 F. 2d 1453, 1458 (7th Cir. 1992), petitioner is prevented from

asserting four of his eight claims for purposes of federal habeas review.

Petitioner's remaining arguments, (1) the trial court abused its discretion in sentencing petitioner by failing to set forth the factors it considered, (2) the trial court abused its discretion by failing to have a licensed drug programmer evaluate petitioner prior to sentencing, (3) prosecutorial misconduct in cross-examination and argument, and (7) ineffective assistance of appellate counsel, do not survive procedural default, either. The state court had previously disposed of these issues on an independent and adequate state law grounds.

A habeas court "will not review a question of federal law decided by a state court if that decision rests on state law grounds that are independent of the federal question and adequate to support the judgment." *Franklin v. Gilmore,* 188 F.3d 877, 881 (7th Cir.1999). "If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." *Braun v. Powell,* 227 F.3d 908, 912 (7th Cir. 2000) (citing *Coleman,* 501 U.S. at 729-30). A state rule is considered an "independent" bar to federal review when the court relied on a state procedural bar "as an independent basis for its disposition of the case." *U.S. ex rel. Bell v. Pierson,* 267 F.3d 544, 556 (7th Cir.2001). This means that that the last state court which considered the question actually relied, "clearly and expressly", on procedural default as the basis for its decision. *Braun,* 227 F.3d at 912. In addition, state rules are deemed "adequate" when they are firmly established and regularly applied at the time of the case being reviewed. *Franklin,* 188 F.3d at 882. Therefore, a procedural ground cannot be employed "infrequently, unexpectedly, or freakishly." *Braun,* 227 F.3d at 912.

In the case at hand, neither the independence of the ground of procedural default nor its adequacy is at issue. Both the Circuit Court of Cook County and the Illinois Appellate Court had

dismissed petitioner's petition for post-conviction relief. The Circuit Court of Cook County dismissed petitioner's petition as frivolous and without merit. The Illinois Appellate Court, in granting appointed counsel's motion to withdraw pursuant to counsel's *Finley* motion held that petitioner's petition for post-conviction relief was barred by *res judicata* or waiver, fell outside the purview of the Post-Conviction Hearing Act, or were insufficient to state a cause for relief.

As respondent has noted, a proceeding filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1, et seq. (West 2000)) is not an appeal. The proceeding is a collateral attack on a prior conviction and sentence limited in scope to constitutional issues relating to the conviction which have not, and could not, have been adjudicated earlier. *Franklin,* 188 F.3d at 883 (citing *People v. Moore,* 177 Ill.2d 421, 226 Ill.Dec. 804, 686 N.E.2d 587, 591 (1997)); *See also People v. Mahaffey,* 165 Ill.2d 445, 651 N.E.2d 174, 179 (1995); *People v. Whitehead,* 169 Ill.2d 355, 662 N.E.2d 1304, 1312 (1996). "In a post-conviction proceeding, the determinations of the reviewing court on the prior direct appeal are *res judicata* as to issues actually decided and issues that could have been presented on direct appeal, but were not, are deemed waived." *Franklin,* 188 F.3d at 883. In Illinois, it is well established that the trial court may dismiss a petition for post-conviction relief as frivolous and patently without merit if the petitioner fails to meet his burden of establishing a deprivation of his constitutional rights substantial enough to entitle him to an evidentiary hearing. *People v. Albanese,* 125 Ill.2d 100, 531 N.E.2d 17, 21 (1988). Lastly "failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." *Franklin,* 188 F.3d at 883. Therefore, since the Illinois Appellate Court had unambiguously based its holding on independent and adequate state law grounds, Yates' remaining claims (1), (2), (3) and (7) are also procedurally defaulted.

However, as previously mentioned, federal courts have the power to look beyond a state procedural default and a prisoner may obtain habeas corpus relief by showing cause for and actual prejudice from the default. *Riner v. Owens*, 764 F.2d 1253, 1256 (7th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 129 (1982)). Unfortunately for the petitioner, Yates has not demonstrated either of the two elements to invoke the application of the exception to these claims. Petitioner's arguments in asserting cause and prejudice rest on his status as a *pro se* petitioner. However, as the respondent notes, a lack of legal knowledge or access to a prison legal library does not meet the necessary standard. *See Lewis v. Casey*, 518 U.S. 343 (1996). Actual-injury must be shown. *Id.* at 351. However, an inmate cannot prove relevant actual injury simply by establishing that his prison's law library was "subpar in some theoretical sense." *Id.*

Additionally, there is no evidence to suggest that a miscarriage of justice, the second exception to the procedural default requirement, has arisen. Without new evidence of innocence, even a meritorious constitutional claim is not enough to permit a federal court to reach the merits of a procedurally defaulted claim. *Schlup v. Delo*, 513 U.S. 298, 316 (1995). To be credible, such a claim requires petitioner to support his allegations by introducing new reliable evidence "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence" which was not presented at trial. *Id.* The requisite probability is established by showing that the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* at 327. In the case at hand, Petitioner has failed to demonstrate a fundamental miscarriage of justice because he has not shown that he is actually innocent of the crime and that it is more probable than not that no reasonable juror would have convicted him but for the alleged constitutional violations. As a

result, the procedural default of all his claims is not bypassed by any of its exceptions.

## CONCLUSION

For the reasons stated above, petitioner Willie Yates, petition for writ of habeas corpus is denied. (#1). This case is dismissed. This is a final and appealable order.

**SO ORDERED**  ENTERED: 8/16/02

HON. RONALD A. GUZMAN
**United States Judge**